

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) Criminal No. 3:10-CR-015 ) |
| DAVID LAWRENCE LARSEN, | ) PLEA AGREEMENT ) |
| Defendant. | ) |

The United States of America (also referred to as "the Government") and the defendant, DAVID LAWRENCE LARSEN, and their attorneys, enter into this Plea Agreement.

### A. CHARGES

1. <u>Subject Offenses</u>. Defendant will plead guilty to Count 4 of the Indictment, willful failure to file a tax return for the calendar year 2006.

2. <u>Charges Being Dismissed</u>. Counts 1-3 (the remaining counts) will be dismissed at the time of sentencing.

3. <u>No Further Prosecution</u>. The Government agrees that defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation. This paragraph and this plea agreement do not apply to any criminal act occurring after the date of this agreement.

### B.  MAXIMUM PENALTIES

4.  Statutory Penalties. Defendant understands that Count 4 carries a maximum penalty of one (1) year in prison, a fine not to exceed $100,000, or both, together with the costs of prosecution. In addition, upon conviction, defendant would be required to pay a mandatory special assessment of $25.00, and defendant also would be subject to a term of supervised release of up to one (1) year. In lieu of imprisonment, the court could impose up to five (5) years of probation.

5.  Supervised Release--Explained. Defendant understands that, during any period of supervised release or probation, defendant will be under supervision and will be required to comply with certain conditions. If defendant were to violate a condition of supervised release or probation, defendant could be sentenced to a maximum period of one (1) year in prison, without any credit for time previously served.

### C.  NATURE OF THE OFFENSES/FACTUAL BASIS

6.  Elements understood. Defendant understands that to prove the offense, as alleged in Count 4 the Government would be required to prove the following elements beyond a reasonable doubt:

   A.  That the defendant was required to file a federal income tax return for the calendar year 2006;

   B.  That the defendant failed to file said return at the time required by law; and

   C.  That the failure to file was willful.

7.     <u>Elements Admitted.</u> As a factual basis for his plea of guilty, defendant admits the following:

- A. Defendant had and received income from his business during the calendar year 2006. Defendant received income for providing services relating to the sale and/or development of property for commercial use.

- B. Defendant's income exceeded the minimum amount that requires the filing of a federal income tax return, with the parties stipulating that defendant's gross income for 2006 was at least $275,000.

- C. Defendant knew that he was required to file an income tax return with the IRS for 2006 on or before April 16, 2007, and deliberately failed to do so.

- D. Defendant likewise willfully failed to file income tax returns for 2003, 2004, and 2005, at the time required by law, despite having sufficient income to require the filing of an income tax return. Defendant further admits that he has not voluntarily filed an income tax return since 1996.

- E. Defendant was at all relevant times a resident of Kalona, Iowa, within the Southern District of Iowa.

8.     <u>Truthfulness of Factual Basis.</u> Defendant acknowledges that the above statements are true. Defendant also understands that, during the change of plea hearing, the judge and the prosecutor may ask the defendant questions under oath about the offense to which defendant is pleading guilty, in the presence of defendant's attorney. Defendant understands that defendant must answer these questions truthfully, and that defendant can be prosecuted for perjury if that defendant gives any false answers.

9.     <u>Venue.</u> Defendants agree that venue for this case is proper for the United States District Court for the Southern District of Iowa.

### D. SENTENCING GUIDELINES -- SENTENCING AGREEMENT

10. <u>Sentencing Guidelines</u>. Defendants understands that defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

- A. the nature of the offense, in this case, failure to file an income tax return, with the parties stipulating to a base offense level of **16** under USSG § 2T1.1 and § 2T4.1(F), based on a "tax loss" for all relevant conduct of at least $80,000 but no more than $200,000;

- B. criminal history (prior convictions);

- C. whether defendant attempted to obstruct justice in the investigation or prosecution of the instant offense; and

- D. whether or not the Court finds that defendant has accepted responsibility for the instant offense.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Guidelines and impose a sentence more severe or less severe than provided by the Guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with defendant's attorney.

11. <u>Acceptance of Responsibility</u>. The government agrees to recommend that defendant receive credit for acceptance of responsibility under USSG § 3E1.1 (three levels), including based upon defendant's timely notification of his intent to plead guilty. The government reserves the right to oppose a reduction under § 3E1.1 if after the plea proceeding the defendant obstructs justice, fails to cooperate fully and truthfully with the United States

Probation Office, attempts to withdraw defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility.

12. <u>Joint Sentencing Recommendation.</u> Provided that defendant falls within a Criminal History Category of **I**, and provided further that the defendant receives credit for acceptance of responsibility, the parties agree that the applicable sentencing range is 12-18 months under the United States Sentencing Guidelines and that the Court should impose a "split" sentence in the event that defendant's sentencing range falls within Zone C.[1] Nothing in this paragraph precludes defendant from arguing for whatever sentence he deems appropriate, including based on variances/departures from the Guidelines, nor is the Government precluded from making arguments in support of a "split" sentence that includes some period of incarceration.

13. <u>Presentence Report.</u> Defendant understands that the Court may defer a decision as to whether to accept this plea agreement until after a Presentence Report has been prepared by the United States Probation Office, and after defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.

14. <u>Evidence at Sentencing.</u> Defendant, defendant's attorney, and the Government attorney will be permitted to make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case,

---

[1] Based on the amendments to the Guidelines that likely will be effective on November 1, 2010, a defendant falling within level 13/Criminal History Category I will fall within Zone C. If those amendments do not take effect, defendant reserves the right to seek a split sentence, including by advocating for any variance or departure that may be available.

PLEA AGREEMENT (09/01/10), *U.S. v. David Lawrence Larsen*, Crim. No. 3:10-cr-015 -- Page 5

provided such offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information to the U.S. Probation Office for use in preparing a presentence report.

15. <u>Sentence to be Decided by Judge -- No Promises</u>. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what each defendant's actual sentence will be.

16. <u>No Right to Withdraw Plea</u>. Defendant understands that defendant will have no right to withdraw the defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what the defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

### E. FINES, COSTS, RESTITUTION, AND FORFEITURE

17. <u>Fines and Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing. The government will not seek costs of prosecution.

18. <u>Special Assessment</u>. The defendant agrees to pay the mandatory special assessment of $25 at or before the time of sentencing.

19.     No Resolution of Civil Tax Liability. Defendant understands that any "tax loss" determined by the sentencing judge or U.S. Probation Office is for the sole purpose of computing defendant's base offense level under the United States Sentencing Guidelines. This Plea Agreement does not resolve any civil tax liability (including penalties) the defendant may have for any taxable period. The Internal Revenue Service is not a party to this agreement and remains free to pursue all lawful civil remedies it may deem appropriate, which are permitted by law, including assessments against defendant for additional tax due and owing and levies or garnishments to collect these amounts.  Likewise, defendant reserves the ability to challenge such civil remedies and lawfully assert his position in response to any civil actions taken or proposed by the Internal Revenue Service; defendant also reserves the right to propose any appropriate settlement or compromise of his civil tax liabilities with the Internal Revenue Service.

20.     Special Condition.  Should the Court impose a period of probation or supervised release as part of the sentence in this case, the parties agree to jointly recommend to the Court that the following "special" conditions be imposed, in addition to the "standard" conditions of probation and/or supervised release:

   A.   that the defendant cooperate with the Internal Revenue Service in the determination, assessment and payment of any tax liability that he may have for the calendar years 1997 until the present;

   B.   that the defendant pay in full any tax liability (including interest and penalties) as finally determined by the Internal Revenue Service, or make arrangements with the Internal Revenue Service to begin making payments on that tax liability within 60 days of the final assessment by the Internal Revenue Service;

    C.      that defendant provide to the United States Probation Office a copy of any payment plan agreed upon with the Internal Revenue Service, and that defendant actually make the required payments; and

    D.      that defendant file truthful individual income tax returns as may become due by law and provide copies of such returns to the United States Probation Office.

**F.    LIMITED SCOPE OF AGREEMENT**

    21.    <u>Limited Scope of Agreement</u>. This agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute defendant for crimes occurring outside the scope of this agreement. Additionally, this agreement does not preclude the Government from pursuing any civil or administrative matters against defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

    22.    <u>Agreement Limited to Southern District of Iowa</u>. This plea agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

**G.    WAIVER OF TRIAL RIGHTS**

    23.    <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

    A.      continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    B.      a speedy and public trial by jury, which must unanimously find the defendant guilty before there can be a conviction;

    C.      the assistance of an attorney at all stages of trial and related proceedings, to be paid at government expense if defendant cannot afford to hire an attorney;

    D.      confront and cross-examine adverse witnesses;

    E.      present evidence and to have witnesses testify on behalf of defendant, including having the court issue subpoenas to compel witnesses to testify on the defendant's behalf;

    F.      not testify or have any adverse inferences drawn from the failure to testify (although defendant also has the right to testify, if defendant so chooses); and

    G.      if defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at government expense if defendant cannot afford to hire an attorney.

    24.      <u>Limited Waiver of Appeal and § 2255 Rights</u>. Defendant waives any and all rights to appeal defendant's conviction and sentence, including a waiver of all motions, defenses and objections which defendant could assert to the charges, except that defendant preserves the right to appeal defendant's sentence under 18 U.S.C. § 3742. Defendant likewise waives any and all rights to contest his conviction of the subject charge in any post-conviction proceedings, including any proceedings under Title 28, U.S.C. § 2255; this waiver is full and complete, except that it does not preclude the defendant from seeking post-conviction relief based on ineffective assistance of counsel or prosecutorial misconduct if the grounds for such claim are not known to the defendant or were not reasonably known at the time defendant enters a plea pursuant to this Plea Agreement.

**H.    VOLUNTARINESS OF PLEA -- OPPORTUNITY TO CONSULT WITH COUNSEL**

    25.      <u>Voluntariness of Plea</u>. Defendant represents that defendant's decision to plead guilty is defendant's own, voluntary decision, and that the following is true:

    A.      Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defendant's attorney, and defendant has a clear understanding of the

    charges and the consequences of this plea, including the maximum penalties provided by law;

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement;

C. No one has threatened defendant or defendant's family to induce this guilty plea; and

D. Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

26. <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with defendant's attorney and states that the following is true:

A. Defendant states he is satisfied with the representation provided by defendant's attorney.

B. Defendant has no complaint about the time or attention defendant's attorney has devoted to this case nor the advice the attorney has given.

C. Although defendant's attorney has given defendant advice on this guilty plea, the decision to plead guilty is defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of defendant's attorney, and with a full understanding of defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. ENTIRE AGREEMENT -- EFFECTIVE DATE -- PUBLIC INTEREST

27. <u>Entire Agreement</u>. This plea agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

28. <u>Public Interest</u>. The parties state this plea agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and

furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

29.     Execution/Effective Date. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

## J.   SIGNATURES

30.     Defendant. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree with it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this plea agreement, and about the rights that I am giving up, before entering into the plea of guilty.

10/15/2010
Date

David Lawrence Larsen

31.     Defendant's Attorney. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the Agreement set forth in this

PLEA AGREEMENT (09/01/10), *U.S. v. David Lawrence Larsen*, Crim. No. 3:10-cr-015  -- Page 11

writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of his own free will, with full knowledge of his legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur in my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

10/15/10
Date

_____
Diane Zitzner
Assistant Federal Public Defender
101 W. Second Street, Suite 401
Davenport IA 52801

29. United States. The Government agrees to the terms of this Plea Agreement.

Nicholas A. Klinefeldt
United States Attorney

10/22/10
Date

By: _____
for Andrew H. Kahl
Assistant U.S. Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Telephone: 515-473-9300
Telefax: 515-473-9292