IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 3:10-CR-015 |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S |
| | ) | SENTENCING MEMORANDUM |
| v. | ) | |
| | ) | |
| DAVID LAWRENCE LARSEN, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its undersigned counsel, respectfully file its Sentencing Memorandum.

**Facts**

Defendant is a successful businessman in the area of commercial real estate development. But prior to the initiation of a criminal investigation by the Internal Revenue Service he had not filed an income tax return since 1996. (Plea Agreement, ¶ 7(D).) He claimed that he wasn't a "taxpayer" and submitted frivolous documents when initially contacted by the IRS. (PSR ¶ 12, 15.) He placed various assets into the names of trusts. (PSR ¶ 14.) He resisted receipt of Forms 1099 (PSR ¶ 11, 13) and requests from banks for copies of his income tax returns (PSR ¶ 10).

Defendant submitted income tax returns to the IRS shortly after the IRS opened a criminal investigation, and he subsequently submitted amended returns. (PSR ¶¶ 16-17.) The relevant tax loss for the years 2003-2007, exclusive of interest and penalties, is approximately

$123,176, based on unreported income of approximately $ 859,262. (PSR ¶¶ 16-17.)[1]  Notably, this income included federal subsidies from the U.S. Department of Agriculture. (PSR ¶ 9.)

Defendant has submitted correspondence to the Court, in which he explains that his pattern of non-compliance began after he suffered a financial setback that it was exacerbated when he got bad advice. Defendant also indicates that he and his family experienced additional stress following the untimely illness and death of one of his sons in 2001.

## Sentencing Options

Defendant has pleaded guilty to one count of the willful failure to file an income tax return, 26 U.S.C. § 7203, which is a misdemeanor offense. The maximum penalty is up to one year in prison, or up to five years of probation, together with a fine of up to $100,000.

Under the United States Sentencing Guidelines, defendant's sentencing range would be 12-18 months, based on the tax loss and acceptance of responsibility. (PSR ¶¶ 22-31, 64.) Defendant is eligible for a "split sentence" (Zone C), which the government does not resist. Additionally, because of the statutory maximum, the guidelines range cannot exceed 12 months. (See PSR ¶¶ 64-65.)

## Relevance of the Sentencing Guidelines

The applicable guidelines range provides the Court with a reasonable starting point for its analysis. On the facts of this case, the Court would be well within its discretion by imposing a

---

[1] Defendant's delinquent returns have a slight different calculation, but both parties agree that the tax loss for sentencing purposes is in the $80,000-$200,000 range. (Plea Agreement ¶ 10(A).) The major differences appear to be based upon <u>when</u> certain income should have been reported--for example, whether income was realized in 2004 or 2005. These issues can be sorted out during the civil assessment and collections process. They are not material to this criminal case.

guidelines sentence  *See, e.g., United States v. Beale*, 574 F.3d 512, 521 (8th Cir. 2009) (affirming guidelines sentence for defendant who advanced numerous "tax protester" arguments, began his pattern of non-compliance in 1992, and whose criminal conviction encompassed an ongoing scheme over a period of several years).

Specific consideration of the Section 3553(a) factors further indicates that a sentence including a period of incarceration is warranted.  For purposes of discussion, the government will break those factors into two groups: those relating specifically to the defendant's history and characteristics, and those relating to the nature and circumstance of his offense.

Taking the second point first: the Court must consider "the nature and circumstance of the offense," 18 U.S.C. § 3553(a)(1), as well as the need to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  18 U.S.C. § 3553(a)(2)(A).  The Court must also consider general deterrence, 18 U.S.C. § 3553(a)(2)(B), which is particularly relevant in criminal tax cases.

More than a generation ago, Chief Justice Warren observed that

> [t]he duties of citizenship are numerous, and the discharge of many of these obligations is essential to the security and well-being of the Nation.  The citizen who fails to pay his taxes or to abide by the laws safeguarding the integrity of elections deals a dangerous blow to his country. . . .  Failure to perform . . . these obligations may cause the Nation serious injury, and, in appropriate circumstances, the punishing power is available to deal with derelictions of duty.

*Trop v. Dulles*, 356 U.S. 86, 92 (1958); *see also id.* at 113 ("As citizens we are . . . called upon to pay our taxes and obey the laws . . .") (Brennan, J., concurring).

The Eighth Circuit discussed the policy reasons behind the guidelines' structure for criminal tax cases in *United States v. Ture*, 450 F.3d 352, 357-58 (8th Cir. 2006).  While the ultimate holding of *Ture* was abrogated by the *Gall* decision, the panel's discussion remains

relevant. Quoting the guidelines and their commentary, the panel emphasized that "[t]he criminal tax laws are designed to protect the ... integrity of the nation's tax system" and that general deterrence "is a primary consideration" under the guidelines. *Id.* at 357. The panel found that use of the intended loss was a meaningful measurement of a defendant's criminal conduct, because "the sanction necessary to deter future tax crimes increases as the potential benefit from the offense increases." *Id.* at 358 (internal quotations omitted).[2]

Also, the panel was critical of the placing of much weight on the fact that a defendant may owe a significant amount of back taxes as a mitigating factor, noting the incongruity of this analysis--i.e., that "willful tax evaders would benefit as the amount of the government's tax loss rises." *Id.* at 359. Relatedly, even post-*Gall*, courts have cautioned that the fact that the victim of tax crimes is the "government"--rather than an individual--should not be a mitigating factor. *See United States v. Presbitero*, 569 F.3d 691, 707 (7th Cir. 2009) ("The government is a victim in all tax fraud cases, so that fact does not distinguish [defendant] from other persons who violate 26 U.S.C. § 7206(1).").

Aside from questions of general deterrence, the facts of this particular case support the government's request for imposition of a sentence within the guidelines range. *See* 18 U.S.C. § 3553(a)(1) ("history and characteristics of the defendant"); 18 U.S.C. § 3553(a)(2)(A) ("provide just punishment"); 18 U.S.C. § 3553(a)(2)(C) ("protect the public from further crimes

---

[2]It should be further noted that the Sentencing Commission has refined the tax guidelines over the years, based upon the judiciary's experience with them. For example, the loss tables have been adjusted over time. *See* USSG, Appendix C, Amendments 491, 617. Also, the zones where split sentences are available recently were expanded, which likewise has increased the Court's sentencing options within the structure of the guidelines. *Id.*, Amendment 739.

of the defendant").[2]  Granted, defendant seems to present a low risk of recidivism, and he undoubtedly will point to his standing in the community and his family support.  But it is likely that this reputation and standing likely would have been similar during the ten-year period that defendant was failing to comply with his lawful obligations.  Additionally, as outlined above, defendant responded to the government's legitimate efforts to seek compliance with silly and immature rhetoric and filings.  In this case, the government suggests that these factors are adequately addressed within the guidelines system, and that there is no reason for this Court to abandon its usual preference for imposing guidelines sentences for violations of the criminal tax laws.[3]

### Should the Court impose a fine or other sanctions?

Defendant remains employed and is in good health, and he clearly is an economically productive member of the community.  (PSR ¶¶ 45, 51, 53.)  He has real estate holdings, which are in the names of trusts and other entities.  (PSR ¶¶ 56, 57.)  Therefore, he surely cannot establish that he is unable to pay a punitive fine.  See USSG § 5E1.2.  Acknowledging the significant debt that defendant owes to the IRS as a result of his criminal conduct, however, the government recommends a fine at the low end of the guidelines range, i.e., $3,000.  (See PSR ¶ 71.)

---

[2]Imposing a sentence with reference to the recommended guidelines range also advances yet another statutory factor, that is, the need to avoid unwarranted sentencing disparities.  18 U.S.C. § 3553(a)(6).

[3]See, e.g., *United States v. Rosenquist*, 4:09-CR-76 (judgment filed 2/5/2009) (sentence imposed at low end of applicable guideline range); *United States v. TerBeek*, 4:10-CR-39 (judgment filed 1/12/2011) (court found sentence to be at high end of applicable guideline range, prior to granting substantial assistance motion under USSG § 5K1.1).

The Court also should consider requiring that defendant perform a period of community service as a special condition of any supervised release or probation that the Court imposes. *See* USSG § 5F1.3.

## Conclusion

The Court should impose a split sentence of six months of incarceration and six months of alternative confinement[4] as a special condition of supervised release; a fine of $3,000 (and a $25 special assessment); and community service as an additional condition of supervised release.

Respectfully Submitted,

Nicholas A. Klinefeldt
United States Attorney

By: /s/Andrew H. Kahl
Andrew H. Kahl
Assistant United States Attorney
U.S. Courthouse Annex, 2nd Floor
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: andrew.kahl@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2011, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:
___U.S. Mail _____ Fax _____Hand Delivery

__x__ ECF/Electronic filing ____Other means

UNITED STATES ATTORNEY
By: /s/ A. Kahl, AUSA

---

[4] Consistent with paragraph 12 of the Plea Agreement, the government makes no recommendation as to the nature of any alternative confinement to be imposed.